## GEORGE LEIPER CAREY, JR., *v.* MERCANTILE CREDIT COMPANY ET AL.
### [No. 53, April Term, 1930.]

*Decided June 12th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*David Ash,* with whom was *Louis J. Sagner* on the brief, for the appellant.

*Roszel C. Thomsen,* with whom were *Walter L. Clark, Francis A. Michel,* and *Bartlett, Poe & Claggett* on the brief, for the appellees.

388

Bond, C. J., delivered the opinion of the Court.

A complainant in equity appeals from the dismissal of his bill of complaint after a demurrer to it had been sustained. He had stipulated that no further amendments should be made. The bill seeks, among other remedies, a receivership of the assets of the Maryland Lacquer & Varnish Company, and it has been stated in argument for the appellees that at an earlier stage of the case, at the instance of additional complainants, a receiver had been appointed for that company, and that subsequently it had been adjudicated bankrupt, and was now in bankruptcy. The argument on both sides has omitted discussion of the prayer for this receivership. The facts of the earlier receivership and the bankruptcy are not before this court on the record, however, and we must consider the bill as one for the appointment of a receiver of the Lacquer Company along with other reliefs asked. No demurrer was filed on behalf of the Lacquer Company, and it is not an appellant.

The bill is not clear in some respects, but the substance of the complaint appears to be this. The defendants, Crouch and Lawrence, were interested in two corporations, both made defendants, the Lacquer Company and the Credit Company. Crouch was president of both, and Lawrence was secretary and treasurer of both until the complainant, Carey, was appointed to those offices in the Lacquer Company. Lawrence sold out his interests and withdrew before some of the transactions complained of. The two companies were, in effect, veils adopted by Crouch and Lawrence, and especially by Crouch, and devices of a conspiracy between those two, for their own aggrandizement by perpetration of frauds such as are alleged to have been committed on the complainant. Crouch, in the first place, fraudulently induced Carey to become a stockholder in the Lacquer Company by representing to Carey that it was a solvent corporation, making money, and that persons named had invested considerable sums of money in the company, whereas in point of fact, as Crouch, and also Lawrence, knew, the money stated had not been invested, the company was insolvent, and involved in litiga-

tion, and Crouch was making a practice of transferring bills receivable from the Lacquer Company to the Credit Company without consideration and without authority. A large amount of stock had been issued in payment for rights in a process which was not secret and not of special value, and it is averred that the complainant does not know whether this was stock which later stood in the names of Crouch and Lawrence. Carey bought his stock from Lawrence, and paid for it in part by a note for $3,000, on which Lawrence is now suing at law. It is prayed in the bill that this purchase may be annulled and that the prosecution of Lawrence's suit may be enjoined. The note appears to have been endorsed to the Credit Company, but Lawrence sues on it as plaintiff. As a result of the same first fraudulent representations, Carey also made a loan to the Lacquer Company of $2,000.

At later times, Carey, as secretary and treasurer, signed a renewal note for the Lacquer Company, in favor of the Credit Company as payee, for over $15,000, and endorsed it in his individual capacity; and, again, signed as maker, together with others, two notes for an aggregate sum of $5,000, for the benefit of the Lacquer Company. And it is averred that the endorsement and signatures of Carey on the last three notes mentioned were all obtained by fraud of Crouch, consisting in his pretensions that the corporation was solvent, and there was no risk in signing notes for it, and in assurances that Crouch would likewise sign and endorse in his personal capacity. And it is averred that the three notes were obtained without consideration to Carey, and without expectation or intention on his part that he, should become personally liable. All these last three notes are held by the National Marine Bank, also made a defendant, but it is averred that it holds only as agent of the Credit Company, for collection, and without any interest of its own. The Credit Company had knowledge of the frauds and equities vitiating these notes. The books of the Lacquer Company, it is averred, were kept concealed from Carey, so that he was ignorant of the transactions and the condition of the company, and does not now know what the books contain.

Upon this case the complainant prayed the appointment of a receiver of the assets of the Lacquer Company, and a receiver of the assets in Maryland of the Credit Company, restraint of the suit at law on Lawrence's note, and cancellation of it, surrender by the holders of the other three notes for cancellation, discovery of the stock ownership in the Lacquer Company, cancellation of the stock purchase of Carey, and a money decree in his favor against Crouch, the Credit Company, and Lawrence, for the money fraudulently obtained from him.

Passing by any question of the sufficiency of all the averments of fraud, and of the need of any interposition of equity to protect the maker's interests in a note on which the payee is suing at law, it seems to this court that the bill is multifarious, and was properly held so by the Circuit Court. It charges that in the course of a career of fraud by certain individuals, using two corporations for their fraudulent operations, the complainant had incurred separate liabilities which are being enforced, or may be enforced, by separate defendants, and that he had paid out sums of money to or for the corporations. The career of fraud, or the conspiracy to defraud, with the continued pretense of solvency, seems to be the only fact connecting the liabilities and claims. There would be no common ground of litigation for all of them. The remedies sought are different, and affect different persons. There is no common fund to be affected by all. The two receiverships would be separate receiverships, however the corporations may have become involved with each other in their dealings. The two corporations are not only separate entities, but they have, separate assets—only the Maryland assets of the Credit Company are sought—and presumably have business relations with separate customers. The National Marine Bank, the holding by which of the notes signed by Carey is attacked as only an agency, would be wholly without interest in the receiverships, in Carey's claims for which he seeks a money decree, and in the proceeding with reference to the note held by Lawrence. Lawrence, too, would be without interest in the receiverships, and in the

notes held by the bank. Separate proceedings would, indeed, be carried on to reach the remedies sought on the complainant's several demands, even if all the demands should be initiated by the one bill of complaint. And it appears to this court that the combination of them all in one suit is too likely to involve confusion and burdens upon the several independent defendants, without any justifying advantage. They should not be so combined. *Emerson v. Gaither,* 103 Md. 564, 576.

*Decree affirmed, with costs to the appellees.*